IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN THE MATTER OF THE § <br> APPLICATION OF THE UNITED § <br> STATES OF AMERICA FOR AN § <br> ORDER: (1) AUTHORIZING THE § <br> INSTALLATION AND USE OF A PEN § <br> REGISTER AND TRAP AND TRACE § <br> DEVICE; (2) AUTHORIZING § <br> RELEASE OF SUBSCRIBER AND § <br> OTHER INFORMATION; AND § <br> (3) AUTHORIZING THE § <br> INSTALLATION AND USE OF A § <br> MOBILE TRACKING DEVICE § | C.A. NO. MISC.-07-145 |

## ORDER

This matter comes before the Court pursuant to a written and sworn application pursuant to 18 U.S.C. §§ 3122(a)(1), 3127(5), and 2703(c)(1) by an assistant United States Attorney who is an attorney for the Government as defined by Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure and an accompanying affidavit of a special agent with the Drug Enforcement Administration.

In order to obtain an order for a mobile tracking device, the Government must establish probable cause. Fed. R. Crim. P. 41(d)(1); see also United States v. Butts, 710 F.2d 1139, 1150 (5th Cir. 1983) (probable cause is required to install a tracking device on a vehicle). "Tracking device" is defined as "an electronic or mechanical device which permits the tracking of the movement of a person or object." 18 U.S.C. § 3117(b); see also Fed. R. Crim. P. 41(a)(2)(E).

In the Government's application, the assistant United States Attorney "requests the Court issue an Order authorizing the [DEA] to install or cause to be installed upon the Target Device a mobile tracking device...." The Government seeks not only real time cell-site data, but

"'Enhanced 911' services developed by the Provider [of the Target Device] in order to comply with the provisions of 47 C.F.R. § 20.18." Accordingly, the Provider is currently required to provide accurate and reliable locations within "50 meters for 67 percent of calls [and] 150 meters for 95 percent of calls" "[f]or hand-set based technologies." 47 C.F.R. § 20.18(h)(2). The information that the Government seeks clearly attempts to identify the exact location of the Target Device (and presumably the person holding the Target Device).

The special agent's affidavit contains the subscriber's name and address of the Target Device. The affidavit further alleges that Target Device is being used by another person ("Subject") in furtherance of an organized scheme involved in narcotics trafficking and money laundering. However, the affidavit fails to provide any information to support the assertion that the Subject is using the Target Device, or that the Target Device is being used in the criminal enterprise. For example, the affidavit claims that the Subject's voice coming from the Target Device is on intercepted telephone calls with another individual. However, the affidavit provides no information as to how it is known that it is the Subject's voice on these intercepted calls.

Moreover, the affidavit simply alleges that the Subject is engaging in narcotics trafficking. It fails to focus on specifics necessary to establish probable cause and instead relies on the affiant's stated beliefs. For example, the affidavit indicates that the "Affiant has received information that [the Subject] is a source of supply within a drug trafficking organization responsible for the distribution and transportation of multi-kilogram quantities of [various narcotics]." There is no explanation as to the source or sources of such information.

The affidavit does document an intercepted telephone conversation between the Target

Device and another individual. There is no transcription of the conversation. Indeed, the description of the conversation does not contain much detail beyond the scheduling of a meeting between this other individual and the person using the Target Device (which may or may not be the Subject). The affidavit then explains regarding the conversation that "Agents <u>believe</u> [the Subject] was getting ready to explain how the drug transaction would take place however [the other individual] cut off the conversation. Agents <u>believe</u> [the Subject] was arranging to have a load of [narcotics] delivered to [the other individual] during this intercepted call." (emphases added). These allegations are not even from the affiant, but based on the beliefs of unknown agents. There is no detail from the conversation that supports a conclusion that a drug transaction was being arranged or even discussed.

The affidavit discusses a second intercepted telephone conversation between the Target Device and the same other individual. Again, there is no transcription of the conversation. This conversation appears to involve a discussion of why the Subject is in town and when he will be back. The affidavit continues by indicating that "Agents <u>believe</u> [the Subject] is supplying [the other individual] and a number of drug distributors in the ..., Texas area with [narcotics]." (emphasis added). However, nothing is provided to support this belief. Again, these allegations are not even from the affiant, but based on the beliefs of unknown agents.

Finally, the affidavit appears to seek support for the warrant based on an assertion that the Subject is trafficking in narcotics with the other individual. In addition to the two intercepted telephone calls discussed above, the affidavit notes that "agents <u>believe</u> illegal narcotics and money laundering are being conducted out of the business" owned by the other individual. (emphasis added). The affidavit seeks to tie the Subject to the other individual by noting that the

3

Target's vehicle has been observed by agents at the other individual's business. The fact that agents saw the Subject's vehicle at this legitimate business does not establish that the Subject or the other individual are engaged in narcotics trafficking. They may very well be, but the affiant has not established it based on the information provided to the Court.

The Fifth Circuit has explained that a probable cause determination cannot be supported by "a wholly conclusory statement unsubstantiated by underlying facts." United States v. Settegast, 755 F.2d 1117, 1121 (5th Cir. 1985); see also United States v. Fields, 72 F.3d 1200, 1214 (5th Cir. 1996) ("Bare bones affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause."). In this case, the information seeking to link the Subject with the criminal activity is conclusory and unsubstantiated. Moreover, there is no link between the Target Device and the Subject.

Because probable cause has not been established, the Government's application is hereby denied without prejudice.

ORDERED this 27th day of December 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE